O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEJANDRO ALVE,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>NEUSCHMID, Warden,<br><br>　　　　　Respondent. | Case No. 2:21-cv-08316-CAS (AFM)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

　　　Petitioner, a state prisoner, filed this petition for a writ of habeas corpus on October 18, 2021. *See* 28 U.S.C. § 2254. For the following reasons, the petition is subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases ("If it plainly appears from the face of the petition ... that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]").

## BACKGROUND

　　　In 1976, Petitioner was convicted of two counts of murder. He originally was sentenced to death. That sentence was vacated, and Petitioner was sentenced to state prison for an indeterminate term of seven years to life. (ECF 1 at 3.)

In 2017, Petitioner received his twelfth parole hearing. At the conclusion of the hearing, the California Board of Parole Hearings ("Board") found Petitioner not suitable for parole. (ECF 1 at 3, 52-164.)

The present petition does not challenge Petitioner's underlying conviction or sentence. Rather, it challenges the Board's 2017 decision and alleges the following claims for relief: (1) the Board "inappropriately weighed Petitioner's claim of innocence in evaluating his 'insight to the life offense' to conclude he was a threat to society"; (2) the Board abused its discretion by finding that some evidence supported a nexus between Petitioner's past rules violations and his present danger if released; (3) the Board denied Petitioner due process by failing to address how his age, long-term confinement, and health conditions impacted his risk of future violence in contradiction to the California Elderly Parole Program; and (4) the Board's denial of parole imposed a sentence that is grossly disproportionate to Petitioner's culpability in violation of the Eighth Amendment. (ECF 1 at 13-50.)

## DISCUSSION

There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). While California has created a liberty interest in parole that is entitled to protection under the Due Process Clause, *Roberts v. Hartley*, 640 F.3d 1042, 1045 (9th Cir. 2011), those procedural protections are "minimal." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (per curiam). As the Supreme Court has made clear, due process requires only that the state furnish an inmate seeking parole with an opportunity to be heard and a statement of reasons for the denial of parole. *Cooke*, 562 U.S. at 220; *Roberts*, 640 F.3d at 1046. Indeed, consideration of whether a prisoner was provided these minimal procedural protections is "the beginning and the end of the federal habeas courts' inquiry into whether [petitioner] received due process." *Cooke*, 562 U.S. at 220; *see also Miller v. Or. Bd. of Parole and Post-Prison Supervision*, 642 F.3d 711, 716 (9th

Cir. 2011) ("The Supreme Court held in *Cooke* that in the context of parole eligibility decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]")

      Here, Petitioner does not contend that he was deprived of an opportunity to be heard or a statement of the reasons for the denial of parole. In fact, he attaches the transcript of the parole hearing along with the Board's written decision, which reveals that Petitioner was present at the parole hearing, was represented by counsel, was provided the opportunity to be heard, testified on his own behalf, and was provided a written statement of the Board's reason for denying parole. (ECF 1 at 52-164.) Consequently, it is clear from the face of the petition and its exhibits that Petitioner received all of the process that was due. *See Govind v. California Dep't of Corr. & Rehab.*, 2018 WL 2448469, at *3 (C.D. Cal. May 30, 2018) (clear from hearing transcript that the petitioner received minimal protections of due process where petitioner "had a lengthy hearing during which petitioner and his counsel had ample opportunity to be heard, and the Board issued a written statement of its reasons for denying petitioner parole").

      Petitioner's first three claims for relief allege that the Board erroneously found him unsuitable for parole because it improperly weighed evidence such as Petitioner's refusal to admit guilt, his past rules violations, his age, and his health. Essentially, Petitioner disputes the Board's conclusion that he would pose a risk to public safety if released. Petitioner's claims are the very type that *Cooke* made clear are not cognizable on federal habeas review. *Cooke* flatly rejected the contention that the federal Due Process Clause contains a guarantee of evidentiary sufficiency with respect to a parole determination. *Cooke*, 562 U.S. at 220-221; *see also Miller*, 642 F.3d at 716-717 (the only federal habeas issue cognizable is not whether the Board's parole denial was "substantively reasonable" or whether the Board correctly applied state parole standards; rather, the sole issue is simply "whether the state provided [petitioner] with the minimum procedural due process outlined in *Cooke*"); *Tatum v.*

*Chappell*, 2015 WL 1383516, at *2 (C.D. Cal. Mar. 24, 2015) (petitioner's "invitation to the Court to re-weigh the evidence considered by the Board and reach a different conclusion about petitioners risk of danger if released" was foreclosed by *Cooke*).

Because Petitioner received a Constitutionally sufficient hearing, that is the beginning and end of the question. *Cooke*, 562 U.S. at 220. Accordingly, summary dismissal of Petitioner's claims challenging the Board's decision is warranted. *See, e.g., Cleveland v. Warden,* 2019 WL 7037773, at *4 (C.D. Cal. Dec. 20, 2019), summarily dismissing petition where petitioner did not complain that the "minimal" procedures required by due process were not provided but rather that the Board's decision was not supported by evidence); *Keeton v. Asuncion*, 2017 WL 262064, at *3 (C.D. Cal. Jan. 17, 2017) (summary dismissal appropriate where transcript of parole hearing revealed petitioner received minimal protections of due process).

Petitioner's remaining claim fares no better. Petitioner contends that the denial of parole has rendered his sentence cruel and unusual in violation of the Eighth Amendment. No clearly established Supreme Court authority holds that the denial of parole to a prisoner who is serving an indeterminate life sentence could render an otherwise constitutional sentence cruel and unusual punishment. *See Greenholtz*, 442 U.S. at 7 ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). Courts faced with claims like Petitioner's have consistently held that a denial of parole from an underlying valid indeterminate life sentence[1] does not implicate the Eighth

---

[1] Petitioner does not directly challenge the constitutionality of his sentence, and any such challenge would lack merit. There is no question that Petitioner's underlying indeterminate life sentence imposed on the basis of his conviction of two counts of murder is Constitutionally permissible. *See Harmelin v. Michigan*, 501 U.S. 957, 994–995 (1991) (holding that a sentence of life without the possibility of parole imposed upon a first-time offender convicted of possessing 672 grams of cocaine did not amount to cruel and unusual punishment); *Harris v. Wright*, 93 F.3d 581, 584–585 (9th Cir. 1996) (holding that a sentence of life in prison without the possibility of parole does not violate the Eighth Amendment when the crime is murder).

Amendment. *See, e.g., Johnson v. Finn*, 468 F. App'x 680, *684 (9th Cir. 2012) (rejecting a claim that Board's denial of parole subjected the petitioner to cruel and unusual punishment because the petitioner was serving an indeterminate life sentence based upon his murder conviction, and stating that even if the Board's parole decision converted the petitioner's sentence to one of life without the possibility of parole, it would not violate the Eighth Amendment); *Durr v. Davis*, 2016 WL 1553886, at *2 (C.D. Cal. Mar. 7, 2016) (denial of parole from an underlying valid sentence fails to implicate the Eighth Amendment), *report and recommendation adopted*, 2016 WL 1532225 (C.D. Cal. Apr. 13, 2016); *Tatum*, 2015 WL 1383516, at *3 (same); *Molina v. Valenzuela*, 2014 WL 4748308, at * 3 (C.D. Cal. Sept. 23, 2014) (same).

## ORDER

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus is dismissed with prejudice.

DATED: November 4, 2021

*Christina A. Snyder*
─────────────────────────
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE